IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH W. CANDLER, | ) | No. C 05-0780 MMC (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL; DENYING** |
| | ) | **APPLICATION TO PROCEED IN** |
| v. | ) | **FORMA PAUPERIS; DENYING** |
| | ) | **REQUEST FOR APPOINTMENT OF** |
| WARDEN DUNCAN, et al., | ) | **COUNSEL** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket Nos. 2 & 3) |

Plaintiff Keith Candler, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was disciplined by prison officials for violating prison rules, in a manner that violates his constitutional rights. He states in his complaint that part of his punishment for the violation was the loss of 150 days of good time credits.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Here, plaintiff challenges the validity of a decision by prison officials that he was guilty of violating a prison rule, which decision resulted in his loss of good time credits. Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998). A prisoner must bring a habeas petition if the nature of his claim is such that it may result in entitlement to an earlier release, as in a claim for

violation of rights in connection with the loss of good time credits.  See Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).  A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, plaintiff's complaint challenging the discipline he received for violating prison rules is DISMISSED, without prejudice to plaintiff's refiling his claims in petition for a writ of habeas corpus after he has exhausted those claims in the state courts. In light of the dismissal, the application to proceed in forma pauperis and the request for appointment of counsel are DENIED.  No fee is due.

This order terminates Docket Nos. 2 and 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 23, 2005

                /s/ Maxine M. Chesney
               MAXINE M. CHESNEY
               United States District Judge